LEMMON, Judge.
Is it unreasonable for a motorist to proceed into an intersection of two local neighborhood streets at 15 to 20 miles per hour when the motorist has the right of way on a one-way street in a residential neighborhood with a posted speed limit of 25, when there are cars parked on both sides of the street and the motorist’s view to his right at the intersection is obstructed by a camper parked near the corner and by a building which is situated almost to the corner, and *384 when the motorist knew that children played “all over the streets” in the general neighborhood?
Defendant motorist did so, and the right front of his car struck a five-year old child who suddenly and without warning walked into the street and into his path from behind the camper on his right at the intersection. The trial court, although finding the obstacles prevented the motorist from seeing the child on the sidewalk prior to his appearance from behind the camper, held the motorist liable for driving “his auto between other vehicles parked on both sides of him into a blinded area where pedestrians could (should) have been expected” and “not slow(ing) down as he approached the corner”.
Plaintiffs’ reliance on the case of Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978) is improper. The Baumgartner decision, which adopted the “humanitarian doctrine” to allow recovery when a negligent motorist strikes a negligent pedestrian, is based on the consideration that a motorist, as compared to a pedestrian, has the greater duty of careful lookout. The court gave no indication that it intended to eliminate the requirement that the pedestrian prove negligence on the part of the motorist in order to recover, but rather recognized that a motorist must use reasonable care and is liable when he “saw or should have seen the impending peril and had, at that moment, the opportunity to avoid it”.[1] Furthermore, the court distinguished three cases which held the motorist not to be liable, on the basis that in the cited cases “the motorist was not. negligent since he discovered the pedestrian as soon as it was possible for him to do so, and did all in his power to avoid the collision”.
In the present case the accident occurred around noon oh a clear, dry day in early May (during normal school hours). There were no children seen in the block prior to the intersection where the accident occurred. There was no playground or school in the neighborhood. There were no pedestrians visible in or near the street or approaching the street on the sidewalk. The fact that defendant stopped with only 18 feet of skid marks attests to the slowness of his rate of travel.
Under these factual circumstances one could not reasonably draw the legal conclusion that defendant should have seen the pedestrian before he appeared in the street 15 to 18 feet in front of defendant’s vehicle or that defendant had an opportunity to avoid the accident after discovering the pedestrian’s presence as soon as it was possible to do so.
This decision basically turns on a determination of the duty of a motorist to a pedestrian under the overall circumstances of a particular case. Holding defendant driver liable under the circumstances of this case would simply place too great a duty on a right of way motorist faced with no relatively unusual circumstances that dictate extraordinary care. Such a holding would remove the test of reasonableness as the applicable standard of care and would virtually make the driver of an automobile liable in all pedestrian accidents.
For these reasons the judgment of the trial court is reversed, and it is now ordered that plaintiffs’ suit be dismissed.

REVERSED AND RENDERED.

GULOTTA, J., dissents and assigns reasons.

. The court further emphasized:
“It must be noted however, that a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault”. (Emphasis supplied)